**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-P388-H**

**LLOYD C. RICHARDSON** *et al.* **PLAINTIFFS**

**v.**

**PETE OLDHAM** *et al.* **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiffs, Lloyd C. Richardson and James Corey Jackson, initiated this civil action under 42 U.S.C. § 1983. By separate Order, the Court dismissed Plaintiff Jackson because he failed to either pay his half of the filing fee or file a motion to proceed without prepayment of fees after being ordered to do so by the Court. Plaintiff Richardson's claims are now before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss Plaintiff Richardson's official capacity money damages claims for seeking monetary relief from Defendants who are immune from such relief and will dismiss the remainder of his claims against Defendants for failure to state a claim upon which relief can be granted.

### I.  SUMMARY OF PLAINTIFF RICHARDSON'S CLAIMS

Plaintiff Richardson is a convicted inmate currently serving his sentence at the Kentucky State Reformatory ("KSR") in LaGrange, Kentucky. He has sued the following KSR officials/employees in both their official and individual capacities: Deputy Warden Pete Oldham, Lieutenant Richard Van Wye, Correctional Officer Janice Marcum, and Correctional Officer Steve Northern.

From the exhibits attached to Plaintiff's complaint, it appears that Plaintiff was previously an approved legal aide at KSR. However, on or about July 12, 2007, Plaintiff requested and received permission to quit the legal aide job and "signed a quit sheet."

Nevertheless, Plaintiff states that he promised a couple of inmates that he would continue to help them with their cases despite his resignation. Plaintiff alleges that on or about July 16, 2007, while helping Mr. James C. Jackson with his case, he was approached by Defendant Marcum and told that he was not allowed into the legal aide office. Plaintiff explained that he needed in the office because it "contained the only TV/VCR that the General Population had access to." Nevertheless, Defendant Marcum continued to deny Plaintiff access to the legal aide office. Plaintiff then went to Defendant Van Wye and explained the situation. Defendant Van Wye also denied Plaintiff access to the legal aide office. Plaintiff "then informed both that I was not only working on someone else's case, but I had my personal case I was dealing with. And there is a need for me to do further research to plan so as to form a response to a Kentucky Crt. of Appeals Brief." Plaintiff alleges the Defendant Marcum responded "I don't care," and Defendant Van Wye said "[you] better find an assigned Legal Aide to do it for you because you are not going back into the Legal Aide Office." Later that same evening, Plaintiff went back to the building that houses the legal aide office and requested that Defendant Northern allow him to see the policy regarding use of the legal aide office. Defendant Northern "said that he was informed by [Defendants] Marcum and Van Wye that [Plaintiff] was not allowed in the building." Plaintiff alleges that the following day he spoke with Defendant Van Wye again concerning the denial of his access to the legal research material and equipment. Defendant Van Wye allegedly told Plaintiff that he "would not be allowed to use the research computers or TV/VCR for viewing trial transcripts." Plaintiff further alleges that "since the day of 7/16/2007 I've requested through [Defendant] Marcum for her to allow me to go to the library to get a book to read. She specifically told me that it would be fine as long as I did not go to the Legal Department." Plaintiff alleges that he asked Defendant Oldham to remedy the situation on several occasions to

no avail. Plaintiff states that Defendants' conduct violates his First Amendment right to access the courts. He is seeking compensatory and punitive damages as well as injunctive relief.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, --U.S.--, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Additionally, even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*

## III. ANALYSIS

**A.     Official Capacity Money Damages Claims**

Plaintiff's official capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, Plaintiff's official capacity claims for damages against Defendants must be dismissed.

**B.     Remaining Claims**

    **1.     Right to assist other inmates**

Plaintiff claims that he has a constitutional right under the First Amendment to assist other inmates with their cases. Plaintiff is mistaken. The Sixth Circuit has held that prisoners or prison inmate legal aides have no constitutional right to assist other prisoners with their legal matters. *Gibbs v. Hopkins, et al.*, 10 F.3d 373, 378 (6th Cir. 1993) (citing *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990); *Gassler v. Rahl*, 862 F.2d 706 (8th Cir. 1988)). While prisoners "are entitled to receive assistance from jailhouse lawyers where no reasonable alternatives are present," *id.*, this is not what is being alleged in this case. There has been no showing by the other prisoners that Plaintiff wants to continue assisting that the prison refused to

allow any legal aides to work on their cases. Rather, Plaintiff is alleging that despite his resignation as a legal aide he has an independent constitutional right to continue working on matters that were assigned to him while he was a legal aide. He clearly does not. As such, Plaintiff has failed to state a claim upon which relief may be granted with respect to his allegations that Defendants prevented him from assisting other inmates with their cases.

    **2.    Denial of access to courts in relation to Plaintiff's own case**

Plaintiff also alleges that Defendants have violated his First Amendment rights by not allowing him access to the legal research material and equipment to perform work associated with his own case (drafting a response brief to the Kentucky Court of Appeals). In order to state a claim for interference with access to the courts, however, a plaintiff must show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (noting that "the requirement that an inmate show 'actual injury' derives from the constitutional principle of standing")). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey*, 420 F.3d at 578. Here, while Plaintiff alleges that he needed access to the legal research material/equipment to prepare a response brief, he has failed to identify the case or allege that the denial of access to the research materials and/or equipment actually prevented him from filing the brief. Additionally, the Court notes that based on the allegations contained in Plaintiff's complaint, it appears that he was offered the opportunity to find a legal aide to work

5

on his case that presumably would have had access to the materials and equipment, but declined. The prison is not required, however, to make its legal research equipment and facilities available to all inmates if it provides inmates with "adequate assistance from persons trained in the law." *See Bounds v. Smith*, 430 U.S. 817, 828 (1977). Thus, Plaintiff's allegation that he was prevented from accessing the legal aide office, standing alone, does not state a cognizable claim under the First Amendment. Accordingly, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

        The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:       Plaintiffs, *pro se*
           Defendants
           Justice & Public Safety Cabinet, Office of Legal Counsel
4412.008